UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LYNCH-BEY,

      Plaintiff,                       CIVIL ACTION NO. 09-14881

      v.                               DISTRICT JUDGE DAVID M. LAWSON

TONY CORSI,                         MAGISTRATE JUDGE MARK A. RANDON

      Defendant.
_____/

**REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

      On December 17, 2009, Plaintiff, a prisoner in the Michigan Department of Corrections, filed a §1983 Complaint against Defendant. (Dkt. #1). The United States Marshals Service personally served Defendant on January 30, 2012. Defendant's Answer was due by February 21, 2012. On March 19, 2012, Plaintiff filed a Request for Entry of Default for Defendant's failure to plead or otherwise defend the lawsuit. (Dkt. #22). The Clerk of the Court entered a Default against Defendant on March 20, 2012. (Dkt. #23).

      This matter is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. #24). Plaintiff asks the Court to enter a default judgment against Defendant for $30,000.00. Defendant has not yet responded to Plaintiff's Complaint.

      Pursuant to 42 U.S.C. §1997e(g)(1):

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a

reply has been filed.

*See also Searcy v. Macomb County Jail*, 2011 WL 7665794 at *1 (E.D. Mich. Sept. 21, 2011) ("a default judgment is not available based on a defendant's failure to respond to the complaint where, as here, the plaintiff is a prisoner seeking relief under § 1983.").

Because Plaintiff is not entitled to any relief – including a default judgment – unless Defendant responds to Plaintiff's Complaint, this Magistrate Judge **RECOMMENDS** that the Court:

(1)     **SET ASIDE** the Clerk's Entry of Default (Dkt. #23); and

(2)     **DENY** Plaintiff's Motion for Default Judgment (Dkt. #24).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: July 18, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 18, 2012, by electronic and/or ordinary mail.*

*s/Melody Miles*
*Case Manager*
